### J. K. P. GILLASPIE v. THE STATE.

No. 2227. Decided December 19, 1900.

**District Attorney—Report of Fees Collected by Him—Constitutional Law.**

The Act of the Called Session, Twenty-fifth Legislature, page 5, requiring district attorneys to make a sworn statement of the amount of fees collected, and the amount of fees charged and not collected by them during the year, is not violative of the provisions of the Constitution. Following Clark v. Finley, 93 Texas, 171.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

Appeal from a conviction for failing to make report of fees collected as district attorney; penalty, a fine of $25.

Defendant filed a motion to quash the indictment on the following grounds, to wit:

1. Because the indictment charges no offense against the laws of this State.

2. Because the act under which the indictment is drawn, to wit, an act passed at the called session of the Twenty-fifth Legislature, as to certain fees to be charged in civil cases and to fix and limit the compensation of clerks of the district courts, district attorneys, etc., approved June 16, 1897, is unconstitutional, void and of no effect.

3. Because the act under which the indictment is drawn is a special and local law.

4. Because the subject of the act under which the indictment is drawn, is not expressed in its title.

5. Because the act under which the indictment is drawn diverts and proposes to divert the revenue raised from general taxation for the use of the State to the benefit of certain counties in the State.

6. Because the act under which the indictment is drawn diverts the revenue raised by general taxation to unlawful purposes.

7. Because the act under which the indictment is drawn is special and class legislation, and does not operate equally and uniformly throughout the limits of the State.

8. Because the act under which the indictment is drawn is a local and special law regulating the affairs of counties; regulating the powers and duties of officers in counties, cities and towns; regulating the fees of justices of the peace, magistrates and constables.

9. Because the act under which the indictment is drawn is unconstitutional for the reason that district attorneys are entitled to receive an annual salary of $500 to be paid by the State, and such fees, compensations and perquisites as may be provided by law; and it is beyond the power of the Legislature to change and limit the compensation of the district attorney as has been attempted to be done in the act under which the indictment is drawn.

This motion to quash was overruled.

*Spencer & Kincaid,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted for failing to make a sworn statement showing the amount of fees collected by him as district attorney, and the amount of fees charged and not collected by him, during the year beginning December 1, 1897, and ending November 30, 1898, as required by the act of the called ses-

sion of the Twenty-fifth Legislature. See page 5 of said acts. Numerous objections are urged to the law under which the indcitment was framed, principally that it was violative of the provisions of the Constitution. These questions were decided adversely to appellant by our Supreme Court in Clark v. Finley, 93 Texas, 171. The record contains neither statement of facts nor bill of exceptions, and is brought up simply upon the legal questions involved in the motion to quash the indictment. Under the authority of the above cited case, the judgment must be affirmed.

*Affirmed.*